IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| CAROLYNN WEST,  §<br>§<br>Plaintiff,  §<br>§<br>v.  §<br>§<br>COMMISSIONER OF SOCIAL  §<br>SECURITY,  §<br>§<br>Defendant.  § | Civil Action No. 7:24-cv-00148-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Carolynn West ("West") applied for Title II Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). The Commissioner denied her application, deciding that she was not disabled. West appealed, but the Social Security Appeals Council ("AC") rejected her request for review. There is no reversible error in the legal standard that the Administrative Law Judge ("ALJ") applied, and substantial evidence supports her determination that West was not disabled. Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's denial of West's application and **DISMISS** this case with prejudice.

**I.    BACKGROUND**

West applied for DIB on September 23, 2020, and for SSI on October 21, 2020. Soc. Sec. Admin. R. (hereinafter "Tr.") ECF No. 15-1 at 292-93, 295-301. West alleged disability beginning on September 1, 2007, due to the combined effects of major depression, anxiety, post-traumatic stress disorder (PTSD), bilateral thoracic outlet syndrome, and back pain. *Id*. at 343. The Commissioner denied her application initially and upon reconsideration. Tr. 79, 127.

West challenged the Commissioner's denial in a hearing before an ALJ, who affirmed the Commissioner's decision. *Id.* at 29-41. West appealed the decision to the AC, which denied review. *Id.* at 16-18. "[T]he Commissioner's decision does not become final until after the [AC] makes its decision denying the claimant's request for review." *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). West then filed this civil action seeking judicial review of the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3). ECF No. 1.

As an initial matter, although West applied for both DIB and SSI, the ALJ's decision only considers SSI, the Commissioner's brief only mentions SSI, and West does not specify whether she seeks review of the DIB denial in her Motion to Remand.

## II.  STANDARD OF REVIEW

Titles II and XVI of the SSA govern the DIB program and SSI programs, respectively. *See* 42 U.S.C. §§ 401-434; §§1381-1383f. Claimants seeking benefits under either program must prove that they are "disabled" within the meaning of the SSA. *See Hollis v. Bowen*, 837 F.2d 1378, 1382 n.3 (5th Cir. 1988) (stating the "relevant law and regulations governing the determination of disability under a claim for [DIB] are identical to those governing the determination under a claim for [SSI]"). A person is disabled if she is unable "to engage in any substantial gainful activity ("SGA") by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A), § 1382c(a)(3)(A). To determine whether a claimant is disabled and thus entitled to benefits, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. §§ 404.1520(a), 416.920(a).

First, the claimant must not be presently doing any SGA. *Id.* § 404.1520(a)(4)(i). SGA is work that "involves doing significant physical or mental activities" for pay or profit. *Id.*

§ 404.1572. Second, the claimant must have a severe impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). Third, disability exists if the impairment or combination of impairments meets or equals an impairment in the federal regulatory list. *See* 20 C.F.R. § 404.1520(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpt. P, app. 1). Before proceeding to steps four and five, the Commissioner assesses the claimant's residual functional capacity ("RFC") and considers her past relevant work ("PRW"). *See id.* § 404.1520(a)(4), (e)-(f). RFC means "the most [a claimant] can still do despite [her] limitations." *Id.* § 404.1545(a)(1).

Previously, PRW meant work the claimant performed "within the past 15 years, that was SGA, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 404.1560(b)(1). The definition has since changed, and as of June 22, 2024, PRW means the "work that you have done within the past five years that was SGA and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(2).

Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her PRW considering her RFC. *Id.* § 404.1520(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the claimant's RFC, age, work experience, and education. *Id.* § 404.1520(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [she] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis*, 837 F.2d at 1382. "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris*, 209 F.3d at 417; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (alteration in original) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

Even if the sequential process described above would compel a disability finding, the ALJ must still find the claimant not disabled if "alcoholism or drug addiction" ("DAA") would "be a contributing factor material to the [ALJ's] determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Consequently, if there is relevant evidence of alcoholism or drug abuse, the ALJ must determine whether the substance use "is a contributing factor material to the determination of disability." 20 C.F.R. §§ 404.1535(a), 416.935(a). The ALJ must first conduct the sequential five-step analysis to evaluate disability based on the claimant's current limitations, without separating out the impact of the substance use. §§ 404.1535, 416.935. If there is an affirmative disability finding, the ALJ then repeats the process to determine whether the claimant would still

be disabled if she stopped using drugs or alcohol. §§ 404.1535, 416.935. Substance use is material, and the claimant is thus not eligible for benefits, if the claimant's remaining impairments are not disabling. §§ 404.1535, 416.935. The claimant bears the ultimate burden of proving that the substance use is not a contributing factor material to her disability. SSR 13-2p, 2013 WL 621536, at *4 (S.S.A. Feb. 20, 2013); *see Brown*, 192 F.3d at 498. To support a finding that substance use is material in a case involving an alleged mental impairment, however, there must be "evidence in the case record that establishes that a claimant with a co-occurring mental disorder(s) would not be disabled in the absence of" drug or alcohol use. SSR 13-2p, 2013 WL 621536, at *9.

### III.   ANALYSIS

The Commissioner, acting through the ALJ, completed the five-step evaluation process. Tr. 32-41. First, the ALJ found that West had not engaged in SGA since the application date of September 22, 2020. *Id*. at 34. Second, she found seven severe impairments: "degenerative disc disease, lumbar spine, asthma, major depressive disorder, anxiety disorder, [PTSD], [and] substance use disorder." *Id*.

Third, the ALJ identified no impairment or combination of impairments that qualified under the federal regulatory list. *Id*. As for West's "Disorders of the skeletal spine resulting in compromise of a nerve root(s)," the ALJ found that West does not meet the criteria because

> she does not have at least one of the following: a documented medical need for a walker, bilateral canes, or bilateral crutches or a wheeled and seated mobility device involving the use of both hands; an inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements, and a documented medical need for a one-handed, hand-held assistive device that requires the use of the other upper extremity or a wheeled and seated mobility device involving the use of one hand; or an inability to use both upper extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements.

*Id*. at 35.

As to West's respiratory concerns, the ALJ found that

> she does not have an FEV1 or FVC less than or equal to the values listed in the Section, an average of two unadjusted single-breath DLCO measurements less than or equal to the values listed in the Section, nor has she had exacerbations or complications requiring three hospitalizations lasting at least 48 hours within a 12 month period and at least 30 days apart.

*Id*.

Finally, the ALJ found concerning West's remaining impairments that "there is not extreme limitation of one, or marked limitation of two, of the 'paragraph B' criteria." *Id*.

The ALJ then assessed West's RFC, concluding:

> that the claimant has the [RFC] to perform light work as defined in 20 CFR 416.967(b) except she can stand and walk a combined six hours out of an eight-hour workday. She can sit for six hours out of an eight-hour workday. She can lift and carry up to 20 pounds occasionally and up to ten pounds frequently. She can push and pull up to 20 pounds occasionally and up to ten pounds frequently. She can occasionally climb. She must avoid climbing ladders. She can occasionally balance, stoop, kneel, crouch, and crawl. She can understand, remember, carry out, and exercise judgment for simple, routine, and repetitive tasks. She can sustain concentration, persistence, and pace for simple, routine, and repetitive work. She can have occasional interaction with supervisors, coworkers, and the public. She is limited to occasional changes in the work setting. She can complete a normal workday and workweek, despite rare interruptions from psychologically based symptoms.

*Id*. at 36.

Because the claimant had no PRW, the ALJ determined at step four that West could not perform PRW. Tr. 40. However, at step five, the ALJ found that there were jobs that existed in significant numbers in the national economy that West could perform, specifically as an office helper, inspector/packager, and laundry sorter. *Id*. at 41. The step-five finding meant that West is ineligible for disability benefits because she is not disabled, a finding that terminated the ALJ's evaluation. *Id.*; *see Lovelace*, 813 F.2d at 58.

West presents three main arguments in requesting remand. First, she argues that "[t]he Commissioner erred as a matter of law by failing to properly evaluate [her] drug and alcohol abuse as a contributing factor material to the disability determination, in violation of 20 C.R.F. §

6

416.935(B)(1)." ECF No. 17 at 13. Second, she asserts that "[t]he Commissioner erred as a matter of law by failing to adequately evaluate the persuasiveness of medical opinions regarding drug and alcohol abuse." *Id*. at 16. Third, she claims that "[t]he Commissioner erred as a matter of law by failing to adequately assess [her] mental limitations resulting in the inability to meet basic standards of neatness and cleanliness, and failing to properly determine the RFC." *Id*. at 19.

In response, the Commissioner argues that the ALJ "was not required to evaluate the materiality of substance use disorder," because "the ALJ did not find [West] was disabled when considering her substance use." ECF No. 24 at 4. The Commissioner further argues that "[t]he ALJ properly found [West] had severe impairments at step two and any deficiencies in the ALJ's discussion of the prior administrative medical findings was harmless." *Id*. at 5. Finally, the Commissioner asserts that West "has not shown greater limitations were warranted based on her subjective reports concerning her personal care." *Id*. at 8.

### A.   The ALJ properly evaluated West's drug and alcohol abuse as a contributing factor material to her disability determination.

West references 20 C.R.F. § 416.935(B)(1) and argues that the ALJ improperly evaluated her drug and alcohol abuse. That provision states that "[t]he key factor we will examine in determining whether drug addiction or alcoholism is a contributing factor material to the determination of disability is whether we would still find you disabled if you stopped using drugs or alcohol." 20 C.F.R. § 416.935. However, as the Commissioner responds, the ALJ must make a DAA materiality determination only when: "[there is] medical evidence from an acceptable medical source establishing that a claimant has a Substance Use Disorder, and [it is found that] the claimant is disabled considering all impairments, including the DAA." SSR 13-2p, 2013 WL 621536, at *4.

7

In her reply, West asserts that the ALJ had to separately consider her DAA because the ALJ decided that her substance abuse was a severe impairment, and because the ALJ found that West did not have the capacity to perform a full range of work. ECF No. 25 at 1-2. However, that is not the correct standard for making a DAA materiality determination. Instead, the ALJ must make that determination only if she finds the claimant to be disabled, not simply if the ALJ finds a severe impairment that affects the claimant's ability to perform a full range of work. SSR 13-2p, 2013 WL 621536, at *4.

Further, West seems to conflate the impairment determination with a finding that a claimant is disabled. To be disabling, an impairment must prevent a claimant from obtaining gainful employment considering her RFC, age, work experience, and education. 20 C.F.R. § 404.1520(a)(4)(v). To find a claimant not disabled, the Commissioner must show that there are a "significant number of jobs" available for the claimant within the national economy. *Crowley*, 197 F.3d at 197-98. While the ALJ found that West had seven severe impairments, she made a separate finding that those impairments did not prevent her from obtaining gainful employment considering her RFC, age, work experience, and education. Tr. 40. Based on this finding, the ALJ determined that West was not disabled. *Id*. at 41.

Thus, because the ALJ went through the five-step evaluation and found that West was not disabled, the ALJ was not required to make a DAA materiality determination. *See Pena v. Colvin*, No. H-13-1486, 2014 WL 12540442, at *3 (S.D. Tex. June 12, 2014) (finding that "[DAA] 'becomes an issue in a social security claim for benefits only *after* the ALJ finds the claimant disabled.'") (emphasis added) (citing 20 C.F.R. § 416.935(a)).

Accordingly, reversal is not required on West's first point because the ALJ did not err as a matter of law by failing to evaluate West's DAA as a contributing factor material to the disability determination.

### B. The ALJ properly evaluated the persuasiveness of medical opinions regarding drug and alcohol abuse.

The Social Security Administration states that it "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." *Winston v. Berryhill*, 755 F. App'x 395, 402 n.4 (5th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520c(a)). As of January 18, 2017, an ALJ must discuss the persuasiveness of medical opinion(s) or prior administrative finding(s) for all claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c(b). In determining the persuasiveness of each medical opinion or prior administrative finding, the ALJ must consider five factors: (1) supportability, (2) consistency, (3) relationship with the claimant (including: (i) length of treatment relationship, (ii) frequency of examinations, (iii) purpose of the treatment relationship, (iv) extent of treatment relationship, (v) examining relationship), (4) specialization, and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *Id*. § 404.1520c(c). An ALJ must explain how she considered the supportability and consistency factors for a medical opinion or a prior administrative medical finding in her determination. *Id*. § 404.1520c(b)(2). However, an ALJ may, but is not required, to discuss how she considered the medical source's relationship with the claimant, specialization, or other factors in her determination. *Id*.

When an ALJ determines that there are multiple medical opinions or prior administrative medical findings about the same issue that are equally persuasive in terms of supportability and consistency with the record, she must further discuss how she considered the opinions or prior

9

administrative findings. *Id*. § 404.1520c(b)(2). She also must discuss how she considered the relationship with the claimant, specialization, or other factors in her determination. *Id*.

Here, West argues that the ALJ failed to consider Dr. Roy Elias's opinion of her substance abuse, along with the opinions of Dr. George Carrion and Dr. Kim Rowlands. ECF No. 16-2 at 17-18. West asserts that Dr. Elias "opined [that] [West] has a substance use disorder (Tr. 709), but the ALJ did not consider this portion of Dr. Elias's opinion (Tr. 39)." *Id*. at 17. She also argues that Dr. Carrion stated that West's "'[s]ubstance addition disorder' is '[n]on severe' (Tr. 89) but that the DAA is 'material' (Tr. 94)." *Id*. Finally, she notes that Dr. Rowlands opined that "[t]here is no evidence of any substance abuse disorder/DAA issue (Tr. 113)." *Id*.

West faults the ALJ's discussion of these opinions because

> the ALJ did not provide a narrative discussion of the opinions and, as a result, did not provide any supportability or consistency analysis as to whether and why the opinions of Drs. Elias and Carrion that [West] has a substance abuse disorder are persuasive (Tr. 709, 94), or why Dr. Rowlands's opinion regarding no DAA is not persuasive (Tr. 113).

*Id*. at 18. West further asserts that, because of this, "the ALJ's decision is not based upon substantial evidence because the ALJ did not build an accurate and logical bridge from the expert medical opinion evidence to the ultimate conclusion that the RFC may or may not include limitations for DAA." *Id*.

In response, the Commissioner asserts that Dr. Elias's "opinion," was instead a "diagnosis" that is not considered to be an opinion, and an ALJ is not required to evaluate its persuasiveness. ECF No. 24 at 5-6. In support, the Commissioner cites 20 C.F.R. § 416.913(a)(3), which provides that a diagnosis is considered "[o]ther medical evidence," for claims filed after March 27, 2017. *Id*. The Commissioner also cites 20 C.F.R. § 416.920c(a)-(b), which articulates the evaluation that an ALJ must make as to the persuasiveness of "medical opinions." *Id*. at 6.

10

The Commissioner then asserts that while the ALJ did not evaluate the persuasiveness of the findings Dr. Carrion and Dr. Robert B. White made regarding West's DAA, such an omission was, at most, harmless error. *Id*. Finally, the Commissioner states that while the ALJ did not "expressly address Dr. Rowlands's finding of 'no evidence of any substance abuse disorder/DAA issue,' the ALJ was not required to expressly discuss each finding from one medical source individually." *Id*. at 8. In support of this final contention, the Commissioner cites 20 C.F.R. § 416.920c(b)(1), which outlines that "[ALJs] are not required to articulate how [they] considered each medical opinion or prior administrative medical finding from one medical source individually." *Id*.

The Commissioner is correct as to Dr. Elias's diagnosis. While the ALJ discussed Dr. Elias's opinion of West's limitations, and found it to be unpersuasive, she did not discuss Dr. Elias's diagnosis that West has "substance use disorder." Tr. 39. The ALJ properly excluded evaluation of the diagnosis based on the updated regulations for claims filed after March 27, 2017. *See Lee v. Comm'r of Soc. Sec.*, No. 4:21-cv-1390, 2022 WL 4490176, at *5 (S.D. Tex. Sept. 27, 2022) ("Under the regulations, diagnoses are excluded from consideration because they are defined as other medical evidence, not objective medical evidence."). Because West applied for SSI on October 21, 2020, this regulation applies to her case. Tr. 290-296. Accordingly, the ALJ did not err by failing to consider Dr. Elias's diagnosis.

The ALJ referenced Dr. White's opinion by citing it as an exhibit, though she did not mention him by name. Tr. 38. However, the ALJ did not mention by name, or by exhibit, the opinions of Dr. Carrion or Dr. Rowlands. Instead, she stated throughout her decision that she considered "any medical opinions provided by medical professionals." Tr. 39; *see Kneeland v. Berryhill*, 850 F.3d 749, 761 (5th Cir. 2017) ("it should go without saying that cursory, boilerplate

11

language about carefully considering the entire record does not constitute an explanation for rejecting a medical opinion.").

Regardless of whether an ALJ accepts or rejects a medical opinion, she must "articulate in [her] determination or decision how persuasive [she] find[s] all of the medical opinions . . . in [a claimant's] case record." 20 C.F.R. § 404.1520c(b); *see also Guy v. Comm'r of Soc. Sec.*, No. 4:20-cv-01122-O-BP, 2022 WL 1008039, at *3 (N.D. Tex. Mar. 14, 2022), *rec. adopted* 2022 WL 1004241 (N.D. Tex. Apr. 4, 2022). The articulation requirement is to "allow a subsequent reviewer or reviewing court to trace the path of an [ALJ]'s reasoning." 82 Fed. Reg. 5858 (Jan. 18, 2017). This requirement applies to West's case since it is obligatory for claims filed on or after March 27, 2017. *Id.*

The ALJ did not reference the medical opinions of Dr. Carrion and Dr. Rowlands or articulate the persuasiveness of such opinions. In *Kneeland*, the Fifth Circuit remanded an ALJ's decision because the ALJ rejected an expert's medical opinion without explanation. 850 F.3d at 759. The Fifth Circuit panel explained "[t]he ALJ's root error was failing to address—or even mention—[the expert's] opinion in his decision." *Id.* at 761. Whether the ALJ "did not consider [the expert's] opinion, or considered it but assigned it no weight," was irrelevant; the Fifth Circuit concluded remand was appropriate. *Id.* "If the former, remand [was] appropriate for consideration of [the expert's] opinion. If the latter, remand [was] appropriate for an explanation of the rejected medical opinion, or an explanation of what weight was assigned." *Id.*

However, at Step Two, an error by the ALJ in making findings as to the severity of an impairment is not grounds for reversal. *Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987); *Michel v. Astrue*, No. 4:09-cv-622-A, 2011 WL 1750235, at *1 (N.D. Tex. May 6, 2011). West's case did not depend upon a conclusion of the "non-severity" of her conditions, and the ALJ proceeded past

this step to find, pursuant to the fifth step of the sequential evaluation analysis, that West's impairments did not disable her from working. *Adams*, 833 F.2d at 512. Moreover, in formulating an RFC, "[an] ALJ [must] consider the restrictions and limitations caused by all of [the claimant's] impairments, even those that are non-severe." *Cotter v. Comm'r, Soc. Sec. Admin.*, No. 4:21-cv-748-P, 2022 WL 3970057, at *5 (N.D. Tex. Aug. 10, 2022), *rec. adopted*, 2022 WL 3974493 (N.D. Tex. Aug. 31, 2022), *aff'd sub nom. Cotter v. Kijakazi*, No. 22-10953, 2023 WL 2759064 (5th Cir. Apr. 3, 2023). The issue here is less pressing, as the ALJ did find that West's substance abuse disorder is severe, but regardless, any error at this stage is a harmless error that does not require reversal. *See Claudio v. Comm'r of Soc. Sec.*, No. 4:23-cv-108-BP, 2023 WL 4748218, at *4 (N.D. Tex. July 25, 2023).

Further, "[i]n the Fifth Circuit, harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent the error." *Davidson v. Colvin*, 164 F. Supp. 3d 926, 944 (N.D. Tex. 2015) (citing *Bornette v. Barnhart*, 466 F. Supp. 2d 811 (E.D. Tex. 2006)). To determine whether the ALJ's error was harmless, the Court must decide whether it is inconceivable that the ALJ would have reached a different administrative conclusion if she had considered Dr. Carrion and Dr. Rowlands's medical opinions.

Although Dr. Carrion's opinion lists "Substance Addiction Disorders (Drugs)" as an impairment, he states that it is "Non Severe." Tr. 89. He found that West does not have any combination of impairments that is severe. *Id*. While the ALJ came to a different conclusion and found that West had seven severe impairments, ultimately, they came to the same conclusion that West was not disabled. Tr. 41, 94. Accordingly, it is inconceivable that the ALJ would have reached a different result if she had considered Dr. Carrion's opinion.

Dr. Rowlands found that "there is no evidence of any substance abuse disorder/DAA issue," and concluded that West was not disabled. Tr. 113. Although West points to these two opinions specifically when looking at the determination of her alleged substance abuse disorder, the ALJ reaches the same ultimate conclusion as these doctors that West was not disabled. Further, as stated previously, the ALJ was required to determine whether or not West was disabled based on all impairments before delving into the DAA considerations.

Accordingly, it is inconceivable that the ALJ would have reached a different result if she had considered both the opinions of Dr. Carrion and Dr. Rowlands, and thus the error in not considering them is harmless. Further, the ALJ based her determination on substantial evidence, and reversal is not warranted on this point.

### C. The ALJ properly assessed West's mental limitations.

West argues that she testified at the hearing that she is unable to "meet basic standards of neatness and cleanliness," but that the ALJ "did not provide any narrative discussion as to whether the RFC should include limitations for work environments that allow for less strict personal hygiene, such as waste management work or outside work." ECF No. 16-2 at 20. West further emphasizes that "the medical evidence is consistent with [West's] testimony," and that the ALJ failed to consider the medical evidence because "a reasonable mind could easily decide that" the jobs listed by the Vocational Expert and accepted by the ALJ "most likely require [West] to shower at least three times per week, if not more." ECF No. 16-2 at 20-21. There is no apparent basis for her arguments, however, because the ALJ's decision shows that she considered a substantial amount of such evidence.

For example, one factor the ALJ considered was treatment for both physical and mental limitations. *See Bergeron v. Astrue*, No. H-08-2851, 2009 WL 3756915, at *6 (S.D. Tex. Nov. 5,

2009) (applying 20 C.F.R. § 404.1529(c)) (finding claimant's subjective complaints unsupported where "the records show[ed] very limited treatment for a mental disorder since the alleged onset date"). Accordingly, the ALJ explained—and it appears undisputed—that West's "[t]reatment has generally been conservative, with few changes in medication type or dosage." Tr. 39. The ALJ states that "[m]ental health records indicate that [West] usually has mental signs within normal limits, even when she is sad or agitated." *Id*. The ALJ further noted that "[t]here is no indication that [West] has required emergency treatment for mental health issues or hospitalization for psychiatric symptoms." *Id*.; *see also Coats v. Colvin*, No. 3:12-cv-4968-M-BK, 2013 WL 6052879, at *5 (N.D. Tex. Oct. 11, 2013) ("Considering the relative infrequency of Plaintiff's doctor visits and the conservative treatment of her anxiety, the ALJ's failure to include in the RFC any limitations based on such evidence is not error."), *rec. adopted*, 2013 WL 6052879, at *1 (N.D. Tex. Nov. 14, 2013).

The ALJ also considered West's medical records and testimony regarding her mental impairments, including her reported "lack[] [of] energy or motivation." Tr. 35 (citing Tr. 371-79). In assessing West's statements regarding the intensity, persistence, and limiting effects of her symptoms, the ALJ specifically stated that she considered all symptoms and that West "can manage the mental demands of performing activities of daily living, such as household chores and personal hygiene tasks." *Id*. at 35-36. When analyzing West's mental difficulties, the ALJ found that West had moderate difficulties in all four areas of mental functioning, or "paragraph B" criteria. *Id*. This includes the fourth functional area of adapting or managing oneself, in which the ALJ cited multiple office treatment records to support her statement that West "typically is properly groomed and has an appropriate appearance, despite anxiety or other psychological

15

symptoms." *Id*. Further, the ALJ cites to other treatment reports in which West "was appropriately groomed and dressed" and "had a neat appearance." *Id*. at 38.

While West seems to point primarily to her own testimony, the ALJ found that West's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id*. at 37. The ALJ's "evaluation of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence." *Villa v. Sullivan*, 895 F.2d 1019, 1024 (5th Cir. 1990). Here, the ALJ's decision shows reliance on substantial evidence under 20 C.F.R. § 404.1529(c) in not finding West's complaints and description of her limitations to be more persuasive.

Accordingly, the ALJ properly determined West's RFC, and the Court should not remand on this issue.

## IV. CONCLUSION

Because the ALJ employed the proper legal standard and substantial evidence in the record supports her conclusion, the undersigned **RECOMMENDS** that Judge O'Connor **AFFIRM** the Commissioner's decision and **DISMISS** this case with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

    **SIGNED** on July 16, 2025.

*/s/ Hal R. Ray, Jr.*
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE